IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRANDON D. BRADLEY, SR.,

                             Plaintiff,

          v.

MICHELLE KESSNICH, LIEUTENANT TAYLOR,                    OPINION and ORDER
MARIA GAMBARO, SERGEANT LLYOD, DENISE
VALERIUS, CORRECTIONAL OFFICER JOHN                          20-cv-562-jdp
DOES, L. ODONOVAN, LIEUTENANT LODEN,
DOCTOR STANGE, KEVIN KALLAS, LEIGHA
WEBER, CORRECTIONAL OFFICER SETZER,
CORRECTIONAL OFFICER ORGAN, BRIAN
GUTSKE, and LIEUTENANT GERRY,

                             Defendants.

          Pro se plaintiff Brandon D. Bradley, Sr. is an inmate at Columbia Correctional

Institution (CCI).[1] She brings this lawsuit against several CCI officials who she says have

violated her constitutional rights. Most of Bradley's allegations concern an altercation with

prison officials that she says resulted in her being restrained, strip searched, and confined to a

chair, but she also alleges that her rights have been violated in other ways at other times.

          Because Bradley is proceeding in forma pauperis, Dkt. 4, and because she is a prisoner

suing prison officials, I must screen her complaint under 28 U.S.C. §§ 1915 and 1915A.

Bradley's complaint doesn't comply with the Federal Rules of Civil Procedure, so Bradley

cannot proceed on any of her claims at this point. I will give Bradley a short time to choose

how she wishes to proceed.

---

[1] Bradley, who has also filed complaints under the name Brittney Bradley, is a transgender
woman. Her transgender status is the subject of a separate lawsuit, *Bradley v. Novak*,
No. 20-cv-48 (W.D. Wis.).

ANALYSIS

The main problem with Bradley's complaint is that she is trying to bring different sets of claims against different prison officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that don't belong in a single lawsuit. As I have explained to Bradley in other lawsuits, Rule 20 allows a plaintiff to join multiple defendants in one lawsuit so long as (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact applies to all of the defendants in the action. After the plaintiff has properly joined a defendant under Rule 20, she may bring any other claims she has against that defendant under Rule 18, whether or not those claims arise out of the same transaction or occurrence or include a common question of law or fact. But she may not bring unrelated claims against defendants who haven't been properly joined under Rule 20. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Bradley's complaint describes three separate series of occurrences, each with its own set of potential claims:

(1) An altercation with CCI staff on November 9, 2019, which resulted in Bradley being strip searched and restrained. This lawsuit would include potential claims against:

- Sergeant Michelle Kessnich, Sergeant Llyod, Lieutenant Taylor, John Doe correctional officers, and Denise Valerius for their conduct during and shortly after the altercation.

- Psychological Services Unit (PSU) psychologist Gambaro for declining to place Bradley on observation status.

- Lieutenant Loden for conducting a flawed disciplinary hearing regarding Bradley's conduct during the altercation.

- L. Odonovan for improperly rejecting Bradley's inmate complaints regarding the incident.

- Kevin Kallas and Leigha Weber for their failure to train CCI staff on how to properly strip search transgender inmates and otherwise accommodate their needs.

(2) Unspecified harassment of Bradley by Kessnich and correctional officer Setzer, and the results of Bradley's attempts to avoid such harassment. This lawsuit would include potential claims against:

- Kessnich and Setzer for harassing Bradley.

- Kessnich and Gambaro for deciding to take Bradley off of observation status against her will after Bradley wrote a threatening letter to PSU, presumably to escape Kessnich and Setzer's harassment.

- Taylor for actually taking Bradley off of observation status and placing her on control status.

- Brian Gutske and Lieutenant Gerry for taking Bradley's mattress and blanket while she was on control status.

(3) An undescribed conspiracy among Dr. Stange and correctional officers Organ and Setzer to dissuade Bradley from pursuing litigation against CCI staff and to discourage her from identifying as a transgender woman. This lawsuit would include potential claims against Stange, Organ, and Setzer.

These three sets of claims involve different sequences of events and there is only partial overlap among their defendants, so all of the claims cannot be brought in a single lawsuit. To proceed, Bradley must make a decision. She must either (1) choose only one of the three sets of claims to proceed on under this case number; or (2) remove certain defendants from this lawsuit so that every defendant named in the lawsuit is also included in a single set of claims.

If Bradley decides to choose a single set of claims and chooses to proceed on the first set, I will treat the portion of her complaint that describes those claims as the operative pleading. I will then screen the claims she has chosen. However, if she chooses to proceed on either the second or third set of claims, she must submit an amended complaint. The allegations in this complaint regarding those sets of claims are too sparse to give defendants fair notice of Bradley's claims as required by Federal Rule of Civil Procedure 8. Bradley's amended complaint must include enough detail to allow both me and the defendants "to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d

3

771, 775 (7th Cir. 1994). If Bradley instead decides to remove defendants from this lawsuit so that every defendant named in the lawsuit is also included in a single set of claims, she will also need to file an amended complaint so that each defendant Bradley names has fair notice of Bradley's claims against him or her. If Bradley submits an amended complaint, she should write it as if she were telling a story to people who know nothing about the events at issue, and she should explain specifically what each of the named defendants did to violate her rights.

Regardless of which option Bradley chooses, Bradley will have to choose some claims to drop from this lawsuit. If she wishes to pursue those claims, she must raise them in separate lawsuits. If she does not do so, those claims will be dismissed without prejudice and she will be free to bring them at another time so long as she does so before the statute of limitations has run.

Bradley may object if she disagrees with my grouping of her claims into three separate lawsuits, but she still must choose one of the options I have given her to comply with this order. If Bradley fails to respond to this order by the deadline below, I will dismiss this case for her failure to state a claim upon which relief may be granted and assess her a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff Brandon D. Bradley, Sr. may have until November 9, 2020, to inform the court whether she wishes to proceed by removing claims or removing

defendants from this lawsuit. If Bradley chooses to file an amended complaint as described in this order, she must do so by November 9, 2020.

Entered October 19, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge