IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

    v.

MICHELLE KESSNICH, SHANE LLOYD,
JEROME TAYLOR, DENISE VALERIUS,
HERIBERTO RUIZ, JR., JOHNATHAN BOHNSACK,
and ROBYN LODEN,

                Defendants.[1]

OPINION and ORDER

20-cv-562-jdp

---

Pro se plaintiff Brandon Bradley, also known as Brittney Bradley, is currently a prisoner at Green Bay Correctional Institution.[2] Bradley alleges that when she was incarcerated at Columbia Correctional Institution, defendant CCI officials violated her rights during and after a cell extraction: they strip searched her in view of other inmates, kept her in needlessly tight restraints in a chair covered in blood and pepper spray, ignored her complaints of pain, and placed her in an unheated cell. Bradley has filed a motion asking the court to intervene in treatment by Dane County Jail staff, which I will deny. Defendants have filed a motion for summary judgment on the ground that Bradley failed to exhaust her administrative remedies for some of her federal claims, and they have filed a motion to dismiss Bradley's state-law

---

[1] I have amended the caption to include the proper spelling of defendants' names, as reflected in their filings.

[2] Bradley is a transgender woman. *See Bradley v. Novak*, No. 20-cv-48-jdp (W.D. Wis.). In keeping with the court's practice in previous cases, I will use feminine pronouns to refer to Bradley.

claims for her failure to comply with the state's notice-of-claim statute. I will grant both of those motions in part.

**A. Motion about retaliation and access to the courts**

Bradley filed a motion in both this case and another of her cases in this court, No. 20-cv-49-jdp, asking the court to intervene in her treatment by jail staff: she states that staff retaliated against her pursuing this lawsuit by ending her legal loan, blocking her outgoing mail, and placing her in solitary confinement. Dkt. 28. She also argues that there was no legal basis to transfer her to DOC custody and she asks for a federal criminal investigation to be opened into both jail and DOC staff's misconduct against her. *Id.*

I already denied this motion in the '49 case because the claims of retaliation she mentions in the motion were not part of her active lawsuits, she failed to show that jail officials blocked her access to this court and she has been transferred to DOC custody. *Bradley v. Norman*, No. 20-cv-49-jdp, 2022 WL 594542, at *1 (W.D. Wis. Feb. 28, 2022). Additionally, I cannot consider the lawfulness of her confinement in this civil rights lawsuit, and this court does not initiate investigations in criminal matters. I will deny Bradley's motion in this case.

**B. Motion for summary judgment on exhaustion grounds**

Bradley brings the following federal claims:

- Eighth Amendment and First Amendment retaliation claims against defendants Michelle Kessnich, Shane Lloyd, Jerome Taylor, Heriberto Ruiz, and Johnathan Bohnsack for their actions during and after the cell extraction.

- An Eighth Amendment claim against defendant Nurse Denise Valerius for failing to check Bradley's tight restraints.

- A Fourteenth Amendment due process claim against defendant Robyn Loden for issuing a biased disciplinary decision against Bradley.

Defendants have filed a motion for summary judgment on the ground that Bradley failed to exhaust her administrative remedies for some of these claims. Dkt. 33.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The cell extraction at the heart of this case took place on November 9, 2019. The parties agree that Bradley filed only one inmate grievance about the incident, a grievance numbered CCI-2020-9087 that Bradley filed in late May 2020. Dkt. 36-2, at 11. Although Bradley filed this grievance long after the ordinary deadline for doing do under DOC rules, it was not dismissed on timeliness grounds. Instead, the grievance was dismissed under DOC rules mandating that complaints of staff sexual misconduct be handled in separate proceedings compliant with the Prison Rape Elimination Act. *Id.* at 2, 4. Defendants concede that the

3

grievance exhausted Bradley's Eighth Amendment claims against defendants Kessenich, Lloyd, Taylor, Ruiz, and Bohnsack for their actions directly conducting the cell extraction.

Defendants contend that this grievance failed to exhaust the remainder of Bradley's federal claims. They argue that Bradley did not exhaust her First Amendment retaliation claims against the defendants who conducted the cell extraction because she did not mention the retaliation claim in her grievance. In the absence of particular grievance rule mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). And the DOC rules at least require that the inmate "contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § 310.07(6).

This court has addressed this very issue before, stating, "'If the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act.'" *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (quoting *Sheahan v. Suliene*, No. 12-cv-433-bbc, at *3–4 (W.D. Wis. May 24, 2013)). Bradley's grievance did not explain the protected conduct for which she believed defendants retaliated against her. So she failed to exhaust her retaliation claims, and I will grant defendants' motion for summary judgment on those claims.

Defendants argue that Bradley failed to exhaust her Eighth Amendment claim against defendant Nurse Valerius. Bradley alleges that Valerius failed to check her restraints, which were far too tight, causing her pain and restricting her breathing. Defendants say that Bradley's grievance didn't present that claim. I disagree. Bradley's grievance stated the following: "[I]

4

was placed in the restraint chair double restrained without a restraint check, nude. The nurse on duty was Denise Valerius. . . . The straps were tight and cut off my circulation." Dkt. 36-2, at 12. Neither the PLRA exhaustion requirement nor the DOC rules require that an inmate identify the particular names of the prison officials harming her. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). And in any event, a clear inference from these allegations and Valerius's placement within them is that as the nurse on duty she failed to check Bradley's restraints. I will deny defendants' motion for summary judgment on this claim.

Bradley's final federal claim is a Fourteenth Amendment due process claim against defendant Loden for being biased against her during the disciplinary proceedings for a conduct report she received following the cell extraction: Bradley alleges that Loden found her guilty because she had threatened to file a lawsuit. Defendants argue that Bradley failed to exhaust this claim because she did not mention it in her grievance. Bradley responds that she did raise the issue in her direct appeal of her disciplinary proceedings, but that defendants did not include a page attached to her appeal explaining that portion of the appeal. But even if Bradley did raise her due process argument against Loden in her direct disciplinary appeal, she was still required to file an inmate grievance about that issue after she lost the appeal. Under the Wisconsin Administrative Code, to complain about an issue related to a conduct report an inmate must raise the issue at the disciplinary hearing and again on appeal to the warden. *See* Wis. Admin. Code § DOC 303.82(1). The warden's decision is final with respect to sufficiency of the evidence, but alleged procedural deficiencies must then be pursued through the ICRS grievance system. Wis. Admin. Code § DOC 303.82(4). Because Bradley did not include her due process claim against Loden in her May 2020 grievance, she failed to exhaust that claim. I will grant defendants' motion for summary judgment on that claim.

**C. Motion to dismiss state-law claims**

Bradley brings the following state-law claims:

- Battery and negligence claims against defendants Kessnich, Lloyd, Taylor, Ruiz, and Bohnsack for their actions during and after the cell extraction.

- A medical negligence claim against defendant Valerius for failing to check Bradley's tight restraints.

- A negligence claim defendant Loden for issuing a biased disciplinary decision against Bradley.

Defendants have filed a motion to dismiss Bradley's state-law battery and negligence claims for her failure to comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. Dkt. 31. That statute provides that a claimant bringing a civil action against a state employee must serve written notice of the claim on Wisconsin's attorney general within 120 days of the event giving rise to the action. Wis. Stat. § 893.82(3). The notice must include the names of each state employee involved. *Id.* The statute requires strict compliance. *Riccitelli v. Broekhuizen*, 595 N.W.2d 392, 399, 227 Wis. 2d 100 (1999).

Defendants provide a declaration from a DOJ paralegal assigned to compiling the notices of claim sent to the attorney general: she says that there is no record of the attorney general receiving a notice of claim from Bradley about the November 9, 2019 incident. Dkt. 35. Bradley submits a declaration stating that she did send the attorney general a notice of claim about this incident by certified mail withing 120 days of the incident. Dkt. 45. But she does not provide a copy of what she mailed or describe it in any way other than to say that it was a "N.O.C. involving this incident." *Id.* She believes that DOC staff lost or failed to mail the notice of claim but she does not present any evidence explaining how she knows that or whether she followed up with staff to ensure that the notice was mailed. Bradley has not met her burden

6

of showing that she strictly complied with § 893.82, so I will grant defendants' motion to dismiss her battery and negligence claims.

But I will not dismiss Bradley's medical malpractice claim against defendant Valerius. As I have stated in previous cases, medical negligence claims brought against prison nurses fall within the medical malpractice exception for filing a notice of claim in § 893.82(5m). *See, e.g.*, *Schneider v. Kostohryz*, No. 19-cv-756-jdp, 2021 WL 2806225, at *11 (W.D. Wis. July 6, 2021); *Taylor v. Syed*, No. 19-cv-299-jdp, 2020 WL 1939011, at *1 (W.D. Wis. Apr. 22, 2020). Bradley's claim against Valerius is not barred by the notice-of-claim statute.

CONCLUSION

After my rulings on defendants' exhaustion-based summary judgment motion and their motion to dismiss, the following claims remain in the case:

- Eighth Amendment claims against defendant Kessenich, Lloyd, Taylor, Ruiz, and Bohnsack for their actions during and after the cell extraction.
- Eighth Amendment and Wisconsin-law medical malpractice claims against defendant Valerius.

Defendants have filed a motion to stay the dispositive motions deadline pending a ruling on their current motions. I will grant that request and set a new dispositive motions deadline of May 23, 2022.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley's motion for the court to intervene in retaliation by jail staff, Dkt. 28, is DENIED.

2. Defendants' motion for summary judgment grounds, Dkt. 33, is GRANTED in part as stated in the opinion above.

3. Defendants' motion to dismiss, Dkt. 31, is GRANTED in part as stated in the opinion above.

4. Defendant Loden is DISMISSED from the case.

5. Defendants' motion to stay the schedule, Dkt. 57, is GRANTED. The new dispositive motions deadline is May 23, 2022.

Entered April 8, 2022.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge